UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BEAU DAVIS,<br><br>  Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>  Respondent. | Case No.: 22cv951-LL-DDL<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>**[ECF Nos. 1, 7, 17]** |

Before the Court is Petitioner Kelly Beau Davis's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 [ECF No 1], as well as Respondent Raymond Madden's Motion to Dismiss the Petition [ECF No. 7]. Also before the Court is the Report and Recommendation ("R&R") issued by United States Magistrate Judge Mitchell D. Dembin[1] [ECF No. 17], recommending that the Court grant Respondent's Motion to Dismiss the Petition, and Petitioner's objections to the Report and Recommendation [ECF No. 18]. For the reasons discussed below, the Court **ADOPTS** the R&R **IN ITS ENTIRETY**, **GRANTS** Respondent's Motion to dismiss, **DISMISSES** the Petition, and **DECLINES** to issue a certificate of appealability.

---

[1] On May 1, 2023, this case was reassigned to United States Magistrate Judge David D. Leshner.

1

## I. BACKGROUND

This Order incorporates by reference the thorough and accurate recitation of the procedural history underlying the instant Motion contained in Magistrate Judge Dembin's R&R. *See* ECF No. 17 at 1-2, 3-8.

## II. LEGAL STANDARD

### A. Objections to the Report and Recommendation

As set forth by 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]" to which a party objects. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980). The district court need not conduct de novo review of any findings and recommendations to which no objections are filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on all habeas petitions filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). In other words, a federal habeas petition brought under 28 U.S.C. § 2254 must be filed "within one year of the date on which his conviction becomes final on direct review, unless the petitioner qualifies for statutory or equitable tolling." *Curiel v. Miller*, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing 28 U.S.C. § 2244(d)(1)(A)). The limitations period begins to run from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). When a petitioner is notified that their petition is subject to dismissal based on AEDPA's statute of limitations and that the record indicates that their petition falls outside the one-year time period, the petitioner has "the burden of demonstrating that the limitation period was sufficiently tolled." *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2001) (citing *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)).

### C.    Statutory Tolling

Section 2244(d)(2) of AEDPA suspends the statute of limitations for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 22 U.S.C. § 2244(d)(2). However, because a "habeas petition that is untimely under state law is not 'properly filed,'" "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." *Curiel*, 830 F.3d at 868 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *Evans v. Chavis*, 546 U.S. 189, 197 (2006)). Furthermore, "[a] petition is timely under California law when the highest state court to render a decision on the petition finds it to be so." *Id.* (citing *Campbell v. Henry*, 614 F.3d 1056, 1061 (9th Cir. 2010)). However, where there is no indication that a state post-conviction proceeding is time-barred, it is considered properly filed for the purpose of statutory tolling even if it is otherwise procedurally deficient. *See Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 9 (2000)).

**D.     Equitable Tolling**

Separate from statutory tolling, a habeas petitioner may be entitled to equitable tolling of the one-year statute of limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner may be entitled to equitable tolling if they show both that they have (1) been pursuing their rights diligently and that (2) some extraordinary circumstance stood in their way and prevented timely filing of their habeas petition. *Id.* (citing *Pace*, 544 U.S. at 418). But "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation and citation omitted). "Accordingly, equitable tolling is 'unavailable in most cases,' *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and is appropriate only 'if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time.' [*Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998)]." *Id.* In other words, equitable tolling is applied sparingly and where the untimeliness is caused by an external force. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *see also Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014) ("[Equitable tolling] is a very high bar, and is reserved for rare cases.").

**III.    DISCUSSION**

Judge Dembin's R&R recommends that the Petition be denied as time-barred pursuant to 28 U.S.C. § 2244(d)(1). ECF No. 17 at 1-2. More specifically, Judge Dembin found that the limitations period began on May 17, 2018 [*id.* at 14], that statutory tolling does not apply [*id.* at 18], that equitable tolling based on Petitioner's medical issues should apply between September 10, 2018 and March 30, 2019 for a period of 201 days [*see id.* at 22], that equitable tolling based on pandemic delays should apply between March 1, 2022

and March 31, 2022[2] for a period of 30 days [*id.* at 26], that counsel's miscalculation of the statute of limitations deadline did not constitute extraordinary circumstances warranting equitable tolling, that there was no state misconduct by the California Department of Corrections and Rehabilitation that would support equitable tolling, and that "even if the Court were persuaded that a combination of statutory and equitable tolling could apply, Petitioner cannot overcome the untimeliness that results between the conclusion of the state habeas petition on March 30, 2021 and the Petition filed here 15 months later, on June 28, 2022." [*id.* at 3].

### A.  Commencement of the Limitations Period

Petitioner's first objection relates to the start date for the statute of limitations period. In Petitioner's response to the Motion to Dismiss, Petitioner argued that the limitations period "must be deemed to have commenced on January 30, 2019, at the earliest" [ECF No. 16 at 4] because that is when he "was served with a copy of the amended abstract of judgment" [*id.*] and therefore was the pertinent moment for "what petitioner reasonably should have known in real time" [*id.* at 2]. As such, he argues that in May of 2018, Petitioner "did not know or have reason to believe that a hearing had been had, without his presence or knowledge." *Id.* at 3. In his objection, Petitioner contends that the R&R did not articulate a connection between the time that Petitioner knew that "something had happened" on May 17, 2018, and an actual claim. ECF No. 18 at 1-2. He further appears to suggest that a reduction in sentence may itself be a tenuous basis for discovering a habeas claim, given that "[m]any if not most inmates would *decline* to 'follow up' on this information for fear of 'rocking the boat.'" *Id.* at 2.

---

[2] The R&R states that equitable tolling should apply from March 1, 2022 to March 30, 2022 based on a calculation of 30 days of tolling. ECF No. 17 at 26. However, 30 days after March 1, 2022 would be March 31, 2022. This is likewise reflected in the R&R, which states that "the clock started ticking again on April 1, 2022." *Id.* Accordingly, the Court construes the R&R as finding that tolling should apply from March 1, 2022 for 30 days until March 31, 2022.

Judge Dembin found that the applicable statute of limitations period under AEDPA, § 2244(d)(1)(D), began on May 17, 2018 when Petitioner learned that his sentence was "recalculated, reduced, and that an amended abstract of judgment entered" because he "could and should have exercised due diligence at that time." ECF No. 17 at 13. The R&R states that Petitioner knew enough on May 17, 2018 that the factual predicate of his claim could have been discovered through the exercise of due diligence, and that "for reasons unknown to the Court, and unexplained by the Petitioner, he waited until January 13, 2019 to ask for documentation associated with his sentence reduction," and "blames the [California Department of Corrections and Rehabilitation ("CDCR")] for not providing documentation to him earlier." *Id.* at 14.

As articulated in Judge Dembin's R&R, the relevant standard with which to assess the commencement of the limitations period under § 2244 is "when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it actually was discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(1)(D)). In contrast to "what petitioner reasonably should have known in real time," [ECF No. 16 at 2], the "due diligence clock" of § 2244(d)(1)(D) "starts ticking when a person knows *or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered*." *Ford*, 683 F.3d at 1235. In the context of evaluating whether equitable tolling should apply, Judge Dembin found that Petitioner exhibited diligence in pursuing documentation from CDCR in January 2019, retaining counsel in March 2019, and filing his state habeas petition in October 2019. ECF No. 17 at 22-23. Petitioner does not contend that the same diligence, if exercised in May 2018, would have been impeded by CDCR, and his failure to explain why he waited until January 2019 to request further documentation belies his contention that the limitations period should not have commenced until he received the amended abstract of judgment. Accordingly, the Court **OVERRULES** Petitioner's objection regarding the commencement of the statute of limitations period in this case.

### 1. Whether the April 28, 2018 Hearing was a Resentencing

Although the R&R uses the term "resentencing" to refer to the state court hearing held on April 25, 2018, [*see* ECF No. 17 at 2], it implicitly finds that the state court hearing was not an appealable resentencing because it uses § 2244(d)(1)(D) to guide its analysis of the statute of limitations. The limitations period begins on the "latest of" the dates calculable based on the subsections. 28 U.S.C. § 2244(d)(1). Under subsection (A), the limitations period begins on the date the judgment becomes final, and under subsection (D), the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A),(D). As Respondent argues in the Motion to Dismiss, "[b]ecause Davis did not appeal [the April 25, 2018 hearing], the judgment became final sixty days later on June 24, 2018." ECF No. 7 at 5. Normally, because this date is later than the date triggering the limitations period under subsection (d)(1)(D)—May 18, 2018—, the June 24, 2018 date would be considered the start of the limitations period. However, in finding that the statute of limitations should commence on the earlier date under subsection (d)(1)(D), Judge Dembin's R&R implicitly finds that the April 2018 hearing was not a resentencing order resulting in a new appealable judgment.

Under California law, if "there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." *People v. Zackery*, 54 Cal. Rptr. 3d 198, 201 (Cal. Ct. App. 2007). The court further has the power to correct clerical errors so that the record "reflect[s] the true facts." *People v. Mitchell*, 26 P.3d 1040, 1042 (Cal. 2001). Similarly, the court may correct an unauthorized sentence "at any time when brought to the court's attention . . . by the Department of Corrections." *People v. Purata*, 49 Cal. Rptr. 2d 664, (Cal. Ct. App. 1996). Accordingly, trial courts both "have the authority to correct clerical errors in recording sentences and judgment and the obligation to correct the imposition of a sentence unauthorized by law." *People v. Roe*, 195 Cal. Rptr. 802, 805 (Cal. Ct. App. 1983) (citations omitted).

The Court explicitly adopts Judge Dembin's implicit finding. In Petitioner's case, the court corrected both a clerical error and an unauthorized sentence. *See* ECF 8-4 at 4. The failure to record the mandatory five-year sentencing enhancement pursuant to California Penal Code section 667(a)(1) was a clerical error. *Id.* The five-year enhancement, based on Petitioner's prior felony, was listed in the abstract of judgment, acknowledged by Petitioner during the sentencing hearing, and required by law, but not recorded in the original minutes. *Id.*; *see also* ECF Nos. 1-3 at 2, 1-4 at 4, 8-2 at 1. The imposition of a one-year consecutive sentencing enhancement, under sections 1170.1(a) and 12022(b)(1) of the California Penal Code, rather than a four-month consecutive term, as was required, was an unauthorized sentence based on an error of law. ECF No. 8-4 at 4. In other words, both modifications to the abstract of judgment were corrections of prior errors. Given the nature of the required corrections, neither was a substantial modification of the original judgment, and the changes properly related back to the original judgment. *See Ellis v. Ellis*, 185 Cal. Rptr. 3d. 587, 591 (Cal. Ct. App. 2015) ("A substantial modification is defined as one materially affecting the rights of the parties." (quotation marks omitted)). In such instances, "the time to appeal runs from the entry of the first judgment." *Id.*; *see also* Cal. Penal Code § 1237. As such, the April 25, 2018 minute order and the amended abstract of judgment, entered nunc pro tunc to September 11, 2001, were not appealable. Because Petitioner did not have a right to appeal from the amended judgment, Judge Dembin correctly found that the statute of limitations period commenced on May 17, 2018 under § 2244(d)(1)(D), the latest of the dates available under § 2244(d)(1).

### B. Timeliness of State Habeas Petition

Petitioner's also objects to Judge Dembin's finding that statutory tolling does not apply during the period that his state habeas petition was pending because the state court deemed that the petition was untimely. ECF No. 18 at 3. Petitioner contends that this Court is not bound by a state court's findings of untimeliness under state law if the state court's ruling is based on an unreasonable interpretation of state law. *Id.* He apparently argues that

the state court's ruling that his petition was untimely was an unreasonable interpretation of state law because the hearing held on April 25, 2018 was, in fact, a resentencing hearing, he had a right to be present at that hearing, and such right was not waivable. *Id.* at 3-4. Petitioner's response to the Motion to Dismiss simply asserts, without saying more, that the filing of his state habeas petition on October 8, 2019 tolled the limitations period. ECF No. 16 at 5-6.

Judge Dembin found that, although Petitioner's state habeas petition was pending between October 8, 2019 and March 30, 2021, AEDPA's statutory tolling provision, 28 U.S.C. § 2244(d)(2), does not apply to his federal habeas Petition because both the state superior court and state appellate court found that his state habeas petition was untimely under state law. ECF No. 17 at 16-17. Therefore, his state petition was neither "properly filed" nor "pending" for the purposes of AEDPA during the time that it was pending before the state courts. *Id.* at 17.

As discussed above, the Court finds that the April 25, 2018 state court hearing was not a resentencing. Petitioner does not articulate how a different finding would implicate Judge Dembin's finding that his state habeas petition was untimely. While the Court notes that Petitioner's position—that he had a right to be present at the April 25, 2018 hearing—was squarely addressed by the California Court of Appeal's decision denying his petition for state habeas relief [ECF No. 8-4 at 4], it does not bear on the Court of Appeal's ruling that his state petition was untimely because he did not seek habeas relief between May 17, 2018—when he was notified that his prison term had been reduced and an amended abstract of judgment had been issued—and October 8, 2019, nearly seventeen months later [*id.* at 3]. The Court of Appeal's decision articulated that (1) Petitioner's state habeas petition was not timely; (2) Petitioner's state habeas petition was further procedurally barred because he raised new issues on appeal of the denial of his state habeas petition; and that (3) even if the state habeas petition were not procedurally barred, it would be denied on the merits. *Id.* at 3-5.

Petitioner apparently argues that because the state court incorrectly applied the law regarding the merits of his state habeas petition, that his state court petition should be considered timely for the purposes of statutory tolling under 28 U.S.C. § 2244. However, that position does not address the relevant question before this Court: whether the state court found that his state habeas petition was untimely. Petitioner cites to *Kamana'o v. Frank* for the proposition that a federal court is not bound by a state court's finding of untimeliness if the state court's ruling is based on an unreasonable interpretation of state law, but that case is neither binding nor applicable. No. 9-cv-00313-JMS-BMK, 2010 U.S. Dist. LEXIS 42577 (D. Haw. Apr. 30, 2010). In *Kamana'o*, the district court recognized but declined to apply a "rare exception to [the rule that state courts are the ultimate expositors of state law]" under "the extreme circumstance where a federal court finds that a state court's interpretation of state law is 'an obvious subterfuge to evade consideration of a federal issue.'" *Id.*, at *6-7 (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 n.11 (1975)). Petitioner makes no allegations here that the state court engaged in subterfuge, and no such action is apparent from the record before the Court.

Addressing the issue of timeliness of a state habeas petition, the Supreme Court's language is unequivocal. "When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). This Court's role is not to "delve into the intricacies of state procedural law in deciding whether a postconviction petition rejected by the state courts as untimely was nonetheless 'properly filed' under § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 7 (2007). Because Petitioner's state habeas petition was rejected as untimely by the California courts, it was not "properly filed" under § 2244(d)(2). *See id.* at 7. Accordingly, the Court **OVERRULES** Petitioner's objection regarding the finding that statutory tolling should not apply during the period in which his state habeas petition was pending.

### C. Equitable Tolling based on COVID-19

The Court understands Petitioner's third objection as a challenge to Judge Dembin's finding that Petitioner is entitled to thirty days of equitable tolling attributable to the COVID-19 pandemic. *See* ECF No. 18 at 4-5. Petitioner argues that "the examples of COVID-related delays provided was not intended to be comprehensive," and "therefore requests that he be permitted to provide further detail regarding the effect of COVID-19 on his habeas preparation, including but not limited to COVID-related lockdowns at his institution[.]" *Id.*

Noting that the COVID-19 pandemic in itself does not automatically warrant equitable tolling for habeas petitions and that extraordinary circumstances supporting such tolling due to the pandemic could only be found if a petitioner articulates fact-specific circumstances related to the pandemic that hindered their ability to timely file a petition, Judge Dembin found that Petitioner's counsel offered only three fact specific delays experienced in 2022 that amounted to, at best, four weeks prior to the filing of Petitioner's federal petition. *See* ECF No. 17 at 23-26. In accordance with that finding, the R&R recommends that thirty days, in March 2022, should be tolled on the basis of delays attributable to the COVID-19 pandemic. *Id.* at 26.

At the outset, the Court notes that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (quoting *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008)). In finding that Petitioner's medical issues supported a finding that extraordinary circumstances prevented him from filing a timely Petition and that equitable tolling should apply—a finding unchallenged by Petitioner—from September 18, 2018—when Petitioner fell ill—until March 30, 2019—when Petitioner obtained counsel—for a period of 201 days, Judge Dembin found that Petitioner exhibited diligence in pursuing documentation from CDCR in January 2019, retaining counsel in March 2019, and filing his state habeas petition on October 2019. ECF No. 17 at 22-23.

Petitioner objects to the limited quantity of equitable tolling supported by his arguments in opposition to the Motion to Dismiss rather than the reasoning of Judge Dembin's analysis. *See* ECF No. 18 at 4-5. In assessing Petitioner's equitable tolling arguments regarding the COVID-19 pandemic, Judge Dembin's R&R examined whether and which circumstances tied to the pandemic constituted extraordinary circumstances which would support the application of equitable tolling. ECF No. 17 at 24-26. The Court agrees with Judge Dembin's reasoning but finds that other grounds warrant overruling Petitioner's objection to his recommendation regarding equitable tolling based on the pandemic.

Petitioner does not argue that he would have been able to allege further fact specific allegations regarding pandemic delays with the exercise of due diligence, only that the evidence he presented "was not intended to be comprehensive, by[sic] merely a sample of what was occurring at California institutions during the pandemic." ECF No. 18 at 4. As such, the Court finds that any further equitable tolling based on the COVID-19 pandemic is unavailable because Petitioner failed to exercise reasonable diligence in pursuing his claim. The factual predicate for any equitable tolling claim based on the pandemic existed at the time the Petition was filed and have not changed since that time. Yet, Petitioner did not articulate any further fact-specific circumstances related to the pandemic in his opposition to the Motion to Dismiss or objections to the R&R. More than eight months elapsed between the filing of the Petition and the objections to the R&R and Petitioner failed to utilize several opportunities to put forth further facts supporting his argument. Reasonable diligence exercised during that time period would have afforded Petitioner the opportunity to articulate a more accurate accounting of pandemic-related delays, if any. Accordingly, Petitioner's objection is **OVERRULED** and his request to submit further briefing on equitable tolling based on the pandemic is **DENIED**.

More importantly, even a full-fledged acceptance of Petitioner's broader argument that equitable tolling should generally apply from February 2020 until the Petition was filed on June 28, 2022, [ECF No. 16 at 6-7], would not result in a timely petition.

Accounting for the 201 days tolled for Petitioner's medical issues, 424 days elapsed in the statute of limitations period between May 17, 2018 and February 1, 2020. A total of 625 days elapsed between those dates; subtracting 201 days for the equitable tolling period results in a total of 424 elapsed days "on the clock" for the purposes of calculating the applicable limitations period. The limitations period expired on December 4, 2019, before the beginning of the COVID-19 pandemic.

### D.   Equitable Tolling based on Attorney Miscalculation

Petitioner objects to the finding that equitable tolling does not apply to the period of time in which he has been represented by current counsel. *See* ECF Nos. 9 at 10, 18 at 5-6. He relies on the holding of *Bottomley v. Tilton*, a non-binding case from this district in which the court found that equitable tolling should apply where it found that a petitioner relied on counsel who assured him, for fifteen months, that she was investigating his claims and would not abandon him, before abruptly terminating her representation. No. 7-cv-1973-W-NLS, 2008 U.S. Dist. LEXIS 114436, at *14-15 (S.D. Cal. Apr. 21, 2008). Petitioner contends that the facts in his Petition are indistinguishable, and that the R&R "does not specifically address the specific question why petitioner is apparently not entitled to the benefits of the *Bottomley* holding based on the facts of his case." ECF No. 18 at 6.

Judge Dembin's R&R specifically addressed *Bottomley*, noting that Petitioner's reliance on that case was misplaced because "that case expressly acknowledged that an attorney's 'miscalculation of the limitations period . . . in general [does] not constitute extraordinary circumstances sufficient to warrant equitable tolling.'" ECF No. 17 at 27.

The Court finds that Judge Dembin's finding that equitable tolling based on counsel's miscalculation of the filing deadline was well reasoned. As noted by the R&R and the court in *Bottomley*, counsel's miscalculation and negligence related to the statute of limitations do not constitute extraordinary circumstances supporting the application of equitable tolling. *Castro*, 292 F.3d at 1067. The specific facts in the instant case are squarely addressed by the holding in *Castro*. Petitioner's counsel miscalculated the statute of limitations and their negligence resulted in the late filing of the instant petition. Unlike

*Bottomley*, where the petitioner was abandoned by counsel after assurances that counsel would represent the petitioner and timely file a habeas petition, in the instant case, Petitioner's counsel continues to represent him. Counsel simply miscalculated the filing deadline. That counsel repeatedly assured Petitioner that his Petition would be timely does not make their miscalculation or negligence an extraordinary circumstance. Accordingly, Petitioner's fourth objection to the R&R is **OVERRULED**.

As above, the Court notes that even if it adopts Petitioner's original argument that equitable tolling based on counsel's miscalculations and misrepresentations should apply for the entire period Petitioner was represented by current counsel beginning on November 1, 2021, [ECF No. 16 at 10, 22], the limitations period had long-since expired on December 4, 2019.

## IV.    CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a § 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Rules Following 28 U.S.C. § 2254 require the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability will issue "only if" the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court concludes that Petitioner has not made the substantial showing required to establish that he is entitled to sufficient tolling to render the Petition timely, and therefore a certificate of appealability is **DENIED**.

\\\
\\\
\\\

## V. CONCLUSION

In accordance with the above, the Court hereby:

1. **OVERRULES** Petitioner Kelly Beau Davis's objections [ECF No. 18];
2. **ADOPTS** the Report & Recommendation in its entirety [ECF No. 17];
3. **GRANTS** Respondent Raymond Madden's Motion to Dismiss [ECF No. 7];
4. **DISMISSES** the Petition for Writ of Habeas Corpus [ECF No. 1]; and
5. **DENIES** a certificate of appealability.

The Clerk of Court shall close this case.

**IT IS SO ORDERED**.

Dated: June 5, 2023

_____
Honorable Linda Lopez
United States District Judge